UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GERARDO JASSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-4187 |
| | ) |
| TYRONE BAKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges that while eating his lunch on October 3, 2023, he bit into something hard in a meatball, causing his tooth to fall out and start to bleed. Plaintiff informed unidentified correctional officers and nurses during medication line, but no action was taken.

1

On October 4, 2023, Plaintiff submitted an emergency grievance for dental treatment. Plaintiff's grievance was denied on November 1, 2023. Defendant Warden Tyrone Baker concurred with the denial on December 8, 2023.

Plaintiff alleges that Defendants Healthcare Administrator John/Jane Doe, Director of Nurses John/Jane Doe, Dentist John/Jane Doe, and Wexford Contract Workers John/Jane Doe violated his Eighth Amendment rights by ignoring his requests to see a dentist.

Plaintiff alleges the lack of dental treatment has caused severe physical pain, depression, and the loss of normal activities, such as brushing his teeth, flossing, eating, and drinking water.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached

intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

"Dental care is an important need for inmates, and dental conditions accompanied by pain can constitute an objectively serious medical need." *Suleiman v. Wexford Health Source, Inc.*, No. 18 CV 50007, 2021 WL 1121119, at *4 (N.D. Ill. Mar. 24, 2021) (citing *Bd. v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005)). "Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019); *see also Alvarado v. Illinois Dep't of Corr.*, 14-CV-832-JPG, 2014 WL 3725336, at *3 (S.D. Ill. July 28, 2014) (plaintiff's complaint of pain and difficulty chewing due to failure to provide dentures stated a colorable claim at merit review).

Regarding Defendant Warden Baker, Plaintiff claims that he denied Plaintiff's emergency grievance regarding his need for dental care. A warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)). Plaintiff alleges no further

involvement by Defendant Baker outside of the grievance process. Plaintiff fails to state a claim against Defendant Baker.

In a conclusory fashion, Plaintiff alleges that the John/Jane Doe Defendants violated his Eighth Amendment rights by ignoring his requests for dental treatment. Plaintiff's allegations are too vague and devoid of sufficient context and detail to place Defendants on notice of the claims against them. Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of subordinates). To hold Defendants liable under § 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of [his] rights." *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible

'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff one opportunity to file an amended complaint to clarify his claims within 30 days of this Order. His amended complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as a violation of Federal Rule of Civil Procedure 8. Plaintiff is given leave to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. Piecemeal amendments are not accepted.**

ENTERED: 1/21/2025

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge