# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

GERARDO JASSO,               )
                          )
      Plaintiff,        )
                          )
      v.                 )      **Case No. 24-cv-4187**
                          )
TYRONE BAKER, *et al.*,      )
                          )
      Defendants.     )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill") and Lawrence. (Doc. 5). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Tyrone Baker (Warden at Hill), Nellie Boone (Healthcare Administrator at Hill), Katherine Linboom (Grievance Officer at Hill), Tim Shotts (Counselor at Hill), John Doe (Correctional Officer at Hill), Jeremiah Brown (Warden at Lawrence), L.

Cunningham (Healthcare Administrator), John/Jane Doe (Dentist at Lawrence), and Maria Tate (Counselor at Lawrence).

Plaintiff does not name John/Jane Doe (Healthcare Administrator), John/Jane Doe (Director of Nurses), and John/Jane Doe (Wexford Contract Workers) as Defendants in his Amended Complaint. Therefore, these Defendants are dismissed without prejudice.

Plaintiff alleges that while eating his lunch in his segregation cell at Hill on October 3, 2023, he bit into something hard inside a meatball and broke his tooth. Plaintiff informed Defendant Correctional Officer John Doe and showed him the hard object from inside the meatball and his bleeding, broken tooth. Upon seeing Plaintiff's bleeding mouth, Defendant allegedly accused Plaintiff and his cellmate of fighting. Plaintiff alleges he was in severe pain and asked Defendant for emergency dental care, but Defendant refused and instructed him to submit a request slip to the Health Care Unit ("HCU"). Plaintiff alleges he would have seen a dentist sooner if Defendant had allowed him to sign up for emergency dental care on the "green dental sick call list." (Doc. 5 at p. 6). Plaintiff alleges he had difficulty sleeping, drinking, eating, and brushing his teeth due to the severe pain.

On October 4, 2023, Plaintiff submitted a grievance concerning his dental issue. On October 30, 2023, Defendant Counselor Shotts responded to the grievance and stated: "Forward to HCU, for review, resubmitt [sic] to second level for further response." *Id.* at p. 7. Plaintiff resubmitted the grievance and waited for a response. Plaintiff alleges the grievance was received at the second level of the grievance process on November 1, 2023. The same day, Plaintiff was transferred to Lawrence.

On December 7, 2023, Defendant Grievance Officer Linboom recommended that Plaintiff's grievance be denied. Defendant Warden Baker concurred with Linboom's recommendation on December 8, 2023.

After submitting "continuous complaints and filings" to request a dental visit, Plaintiff saw Defendant Dentist John/Jane Doe on December 15, 2023, at Lawrence Correctional Center. *Id.* at p. 8. Defendant examined Plaintiff and determined his tooth needed to be extracted and recommended a partial denture.

Plaintiff filed another grievance on February 20, 2024. On February 29, 2024, Defendant Counselor Tate responded to the grievance on March 4, 2024.

On April 29, 2024, Defendant Dentist John/Jane Doe extracted Plaintiff's tooth, which relieved his continuous, severe pain. Plaintiff claims that Defendant Dentist John/Jane Doe was deliberately indifferent to his serious dental needs in violation of the Eighth Amendment by allowing him to suffer in severe pain while awaiting treatment from December 15, 2023, until April 29, 2024. Plaintiff also alleges that Defendant recommended waiting four months after the extraction to receive a partial denture, but he still has not received it.

Plaintiff alleges that Defendant Baker, the Warden at Hill, violated his First Amendment rights by retaliating against him for filing complaints and grievances by transferring him to Lawrence on November 1, 2023. Plaintiff also claims that Defendant Baker violated his Eighth Amendment rights by transferring him before addressing his dental needs.

Plaintiff claims that Defendant Brown, the Warden at Lawrence, retaliated against him for filing complaints and grievances by allowing him to suffer severe pain from November 1, 2023, when he arrived at Lawrence, until April 29, 2024, when his tooth was extracted. Plaintiff also

alleges that Defendant Brown violated his Eighth Amendment rights by allowing his subordinates to delay dental treatment.

Plaintiff seeks monetary damages and injunctive relief in the form of a partial denture. Plaintiff also requests that his security level be lowered to minimum and to be transferred to Kewanee Life Skills Re-Entry Center, East Moline Correctional Center, or Sheridan Correctional Center.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

4

"Dental care is an important need for inmates, and dental conditions accompanied by pain can constitute an objectively serious medical need." *Suleiman v. Wexford Health Source, Inc.*, No. 18 CV 50007, 2021 WL 1121119, at *4 (N.D. Ill. Mar. 24, 2021) (citing *Bd. v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005)). "Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019); *see also Alvarado v. Illinois Dep't of Corr.*, 14-CV-832-JPG, 2014 WL 3725336, at *3 (S.D. Ill. July 28, 2014) (plaintiff's complaint of pain and difficulty chewing due to failure to provide dentures stated a colorable claim at merit review).

Based on his allegations, the Court finds that Plaintiff sufficiently alleges an Eighth Amendment deliberate indifference claim against Defendant Correctional Officer John Doe, who allegedly denied his request for dental treatment when he broke his tooth on October 3, 2023, and Defendant Dentist John/Jane Doe for delaying dental treatment while Plaintiff was in severe pain from December 15, 2023, until April 29, 2024, and for delaying the receipt of a partial denture after extracting his tooth.

Regarding Defendants Wardens Baker and Brown, Plaintiff claims that they were aware of his need for dental care because he filed grievances and were deliberately indifferent by failing to take action. A warden cannot be held liable based solely on involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of

5

subordinates). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)). Furthermore, there is no *respondeat superior* under § 1983. In other words, Defendants Baker and Brown cannot be liable based only on their supervisory positions. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Plaintiff alleges no further involvement by Defendants Baker and Brown outside of the grievance process. Plaintiff fails to state an Eighth Amendment claim against Defendants Baker and Brown.

Plaintiff also alleges Defendant Warden Baker retaliated against him for filing a grievance by transferring him to Lawrence on November 1, 2023. To establish a First Amendment retaliation claim, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, Plaintiff does not allege that Defendant Baker was aware of his grievance or involved in the grievance process until December 8, 2023, when he concurred with Defendant Linboom's recommendation to deny Plaintiff's grievance. Defendant Baker denied Plaintiff's grievance after he was transferred to Lawrence. As such, Plaintiff has not sufficiently alleged that his grievance prompted the transfer. Plaintiff claims that Defendant Warden Brown retaliated against him for filing a grievance by allowing him to suffer severe pain from November 1, 2023, when he arrived at Lawrence, until April 29, 2024, when his tooth was extracted. Plaintiff does not sufficiently

allege that his grievance was a motivating factor in delaying his dental treatment or that Defendant Brown was aware of his need for dental care or was responsible for the delay.

Plaintiff alleges that Defendants Grievance Officer Linboom and Counselors Shotts and Tate failed to take action after they were informed of his dental needs through the grievance process. "Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2-3 (N.D. Ind. Oct. 25, 2011).

In a conclusory fashion, Plaintiff alleges that Defendants Healthcare Administrators Boone and Cunningham failed to take action regarding his serious dental needs. It appears that Plaintiff is attempting to hold Defendants Boone and Cunningham liable for his injuries because they hold supervisory positions. The mere fact that Defendants are supervisors is insufficient to establish liability under § 1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983).

Defendants Wardens Baker and Brown (in their individual capacities), Linboom, Shotts, Tate, Boone, and Cunningham are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Defendant Warden Baker will remain a Defendant in his official capacity to assist Plaintiff with identifying Defendant Correctional Officer John Doe. After Defendant Doe is identified, Defendant Baker may move to be dismissed.

Defendant Warden Brown will remain a Defendant in his official capacity as the current Warden of Lawrence for purposes of Plaintiff's claim for injunctive relief in the form of partial dentures. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that

any injunctive relief would be carried out); *see also Anthony v. Jeffreys*, No. 3:21-CV-00435-SMY, 2021 WL 2454066, at *4 (S.D. Ill. June 16, 2021) (same). Plaintiff's claim for injunctive relief will not include his request to lower his security level to minimum or his request for a transfer because it is unclear how these requests relate to his dental treatment. Defendant Brown will also assist Plaintiff with identifying Defendant Dentist John/Jane Doe.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged an Eighth Amendment deliberate indifference claim against Defendant Correctional Officer John Doe, who allegedly denied his request for dental treatment when he broke his tooth on October 3, 2023, and Defendant Dentist John/Jane Doe for delaying dental treatment while Plaintiff was in severe pain from December 15, 2023, until April 29, 2024, and for delaying the receipt of a partial denture after extracting his tooth on April 29, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendants Tyrone Baker (in his individual capacity), Jeremiah Brown (in his individual capacity), Nellie Boone, Katherine Linboom, Tim Shotts, L. Cunningham, Maria Tate, John/Jane Doe (Healthcare Administrator), John/Jane Doe (Director of Nurses), and John/Jane Doe (Wexford Contract Workers) are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE John/Jane Doe (Healthcare Administrator), John/Jane Doe (Director of Nurses), and John/Jane Doe (Wexford Contract Workers) as Defendants.

3)      Plaintiff is advised that unidentified Doe Defendants cannot be served. As a result, Tyrone Baker, the Warden of Hill Correctional Center, will remain a Defendant, in his official

capacity only, for the sole purpose of assisting Plaintiff in the identification of Defendant Correctional Officer John Doe. After Defendant John Doe has been identified, Warden Baker may move to be dismissed.

4)      Jeremiah Brown, the Warden of Lawrence Correctional Center, will remain a Defendant, in his official capacity only, for the sole purpose of ensuring that any injunctive relief Plaintiff might be awarded is carried out and to assist Plaintiff in the identification of Defendant Dentist John/Jane Doe.

5)      The Clerk is directed to ADD John Doe (Correctional Officer) and Jeremiah Brown (Warden) as Defendants.

6)      Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify Defendant Correctional Officer John Doe and Defendant Dentist John/Jane Doe. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

7)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

8)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9)     Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

10)     If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

11)     This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin

until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

12)     Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

13)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

14)     Plaintiff shall be provided a copy of all pertinent medical records upon request.

15)     Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

16)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.


ENTERED:  3/18/2025

s/ James E. Shadid
James E. Shadid
United States District Judge