IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GERARDO JASSO,<br>        Plaintiff,<br><br>v.<br><br>TYRONE BAKER, *et al.*,<br>        Defendants. | Case No. 4:24-cv-04187-JEH |

### Order

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants Correctional Officer John Doe and Dentist John Doe were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment. (Doc. 5). The Court named Wardens Tyrone Baker and Jeremiah Brown, in their official capacities, to help Plaintiff identify the Doe Defendants. (Doc. 6 at pp. 8-9). This matter is now before the Court on Plaintiff's Motion to Request Counsel (Doc. 21) and Motion to Identify the Doe Defendants (Doc. 22). For the reasons stated *infra*, Plaintiff's Motions are DENIED.

### I

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 21). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should

1

normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff attached three letters from attorneys who declined to represent him to his Motion. (Doc. 21 at pp. 7-9). The Court finds that Plaintiff made a reasonable attempt to secure counsel on his own. Regarding his competency, Plaintiff states it is difficult to understand medical records and other documents because he does not speak or read English well, as Spanish is his primary language. Plaintiff states he currently takes Zoloft for a mental health condition, which causes drowsiness, severe headaches, and restless limb movements. Plaintiff also states he has no legal experience and limited access to the law library. Finally, Plaintiff states this case involves medical issues, which may require expert witnesses.

Although English is not Plaintiff's primary language, his pleadings are well-written, organized, and include citations to caselaw. (Doc. 21). There is no indication that another inmate drafted his pleadings. This case is currently in the discovery phase; the Doe Defendants have not been identified yet. Although Plaintiff takes medication for a mental health condition, he appears competent to perform the basic tasks of litigation, especially at this stage of the proceedings. *See Medrano v. Boland*, 841 F. App'x 1008, 1010 (7th Cir. 2021) ("there is no entitlement to recruited counsel for prisoners with a history of mental impairments"); *Perry v. Sims*, 900 F.3d 505, 513 (7th Cir. 2021) (mental illness "is a pertinent and important factor" but does not create a "categorical" entitlement to counsel); *Olson*, 750 F.3d

at 712 (noting that prisoner's "capable pleadings suggested that he was competent despite his mental-health problems"). The Court named Wardens Baker and Brown to assist Plaintiff with identifying the Doe Defendants. The Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage. Plaintiff's Motion is DENIED.

II

Plaintiff also filed a Motion to Identify John Doe Defendants to provide the information he currently has regarding their identities. (Doc. 22). Plaintiff states John Doe Defendant #1 worked first shift from 7:00 a.m. to 3:00 p.m. at Hill Correctional Center on October 3, 2023. At approximately 12:30 p.m., John Doe Defendant #1 was on duty in the restrictive housing unit. Plaintiff states Defendant John Doe Dentist, a male of Asian descent, worked first shift on December 15, 2023, and April 29, 2024, at Lawrence Correctional Center.

Plaintiff did not provide the Doe Defendants' names in his Motion. It is unclear what relief Plaintiff is seeking. Plaintiff attached interrogatories for the Defendants to his Motion. As this Court stated in the Scheduling Order, discovery requests and responses are not filed with the Court, unless they are the subject of a motion to compel. (Doc. 16).

Defendants Baker and Brown provided their initial disclosures to Plaintiff on August 21, 2025. (Doc. 20). In their initial disclosures, Defendants were required to identify the Doe Defendants, and if unable to ascertain their identities, Defendants were required to produce any relevant information to assist Plaintiff with identifying them. (Doc. 16 at pp. 3-4). As such, Plaintiff may have the information he needs to file a motion to substitute the real names of the Doe Defendants. Under the circumstances, the Court will *sua sponte* provide Plaintiff with an additional 30 days to identify the Doe Defendants. Plaintiff is ORDERED to file a motion to substitute the real names of the Doe Defendants by October 3,

2025. The failure to do so will result in the dismissal of the Doe Defendants without prejudice, unless good cause for the failure can be shown.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [21] is DENIED.**

2. **Plaintiff's Motion to Identify John Doe Defendants [22] is DENIED. Plaintiff is DIRECTED to file a motion to substitute the real names of the Doe Defendants by October 3, 2025. The failure to do so will result in the dismissal of the Doe Defendants without prejudice, unless good cause for the failure can be shown.**

*It is so ordered.*

Entered: September 3, 2025

s/Jonathan E. Hawley
U.S. District Judge

4