IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GERARDO JASSO,<br>    Plaintiff, | |
| v. | Case No. 4:24-cv-04187-JEH |
| TYRONE BAKER, *et al.*,<br>    Defendants. | |

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center ("Hill") and Lawrence. (Doc. 30). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

II

Plaintiff files suit against Tyrone Baker (Warden at Hill), Alexander Spencer (Correctional Officer at Hill), Jeremiah Brown (Warden at Lawrence), and Dr. Quang Tran (Dentist at Lawrence).

While eating his lunch in the restrictive housing unit ("RHU") at Hill on or about October 3, 2023, Plaintiff alleges he bit into something hard inside a meatball and broke his front tooth. Plaintiff informed Defendant Correctional Officer Spencer about his broken tooth. Upon seeing Plaintiff's bleeding mouth, Defendant Spencer allegedly accused Plaintiff and his cellmate of fighting. Plaintiff showed Defendant Spencer the bitten meatball, the hard object, and a piece of his broken tooth and requested emergency dental care due to the severe pain. Defendant Spencer allegedly told Plaintiff he could not take him to a dentist because Plaintiff was being held in the RHU. Defendant Spencer instructed Plaintiff to submit a request slip to the Health Care Unit ("HCU"). Plaintiff alleges individuals housed in the RHU may sign up for emergency dental care on a "green dental sick call list" and will be seen within a day. (Doc. 30 at p. 5).

Plaintiff alleges he experienced significant pain and had difficulty sleeping, drinking, eating, and brushing his teeth. Plaintiff also felt severe pain if anything, including air, touched his broken tooth.

On October 4, 2023, Plaintiff filed a grievance about his broken tooth and need for dental care. On October 30, 2023, Plaintiff received a response which stated: "Forward to Health Care Unit (HCU) for review, resubmit to second level for further response." *Id.* Plaintiff resubmitted the grievance and waited for a response. Plaintiff alleges the grievance was received at the second level of the grievance process on November 1, 2023.

2

The same day, Plaintiff was transferred to Lawrence. Plaintiff alleges Defendant Warden Baker was deliberately indifferent to his serious dental needs by transferring him to Lawrence before his dental issues were addressed.

On December 7, 2023, Grievance Officer Katherine Linboom recommended that Plaintiff's grievance be denied. Defendant Warden Baker concurred with the recommendation to deny the grievance on December 8, 2023. Plaintiff alleges he did not receive Warden Baker's decision until January 14, 2024. On January 18, 2024, Plaintiff submitted an appeal.

On December 15, 2023, Defendant Dr. Tran, a dentist at Lawrence, examined Plaintiff and determined he needed an extraction of tooth #8 and partial dentures.

On February 20, 2024, Plaintiff filed a grievance regarding his broken front tooth and the delay in receiving dental care.

On April 29, 2024, Defendant Dr. Tran extracted Plaintiff's tooth, which relieved the continuous and severe pain. Plaintiff alleges Defendant Dr. Tran recommended waiting four months before receiving partial dentures, but Plaintiff did not receive partial dentures until June 3, 2025. Plaintiff asserts Defendant Dr. Tran was deliberately indifferent to his serious dental needs by allowing him to suffer severe pain while awaiting dental treatment from December 15, 2023, until the extraction on April 29, 2024, and by delaying Plaintiff's partial dentures until June 3, 2025.

Plaintiff alleges Defendant Brown, the Warden at Lawrence, was deliberately indifferent to his serious dental needs by allowing his subordinates to delay dental treatment. Plaintiff also seeks injunctive relief in the form of an order requiring Defendant Brown to reduce his security classification and to transfer him to the Kewanee Life Skills Re-Entry Center, East Moline Correctional Center, or Sheridan Correctional Center.

## III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

"Dental care is an important need for inmates, and dental conditions accompanied by pain can constitute an objectively serious medical need." *Suleiman v. Wexford Health Source, Inc.*, No. 18 CV 50007, 2021 WL 1121119, at *4 (N.D. Ill. Mar. 24, 2021) (citing *Bd. v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005)). "Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019); *see also Alvarado v. Illinois Dep't of Corr.*, 14-CV-832-JPG, 2014 WL 3725336, at *3 (S.D. Ill.

July 28, 2014) (plaintiff's complaint of pain and difficulty chewing due to failure to provide dentures stated a colorable claim at merit review).

The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendant Correctional Officer Spencer, who allegedly denied Plaintiff's request for emergency dental treatment when Plaintiff broke his tooth at Hill on or about October 3, 2023. Plaintiff also states an Eighth Amendment deliberate indifference claim against Defendant Dr. Tran, who allegedly delayed dental treatment and caused Plaintiff to suffer severe pain from December 15, 2023 until April 29, 2024, when he extracted Plaintiff's broken tooth. Defendant Dr. Tran also allegedly delayed Plaintiff's partial dentures until June 3, 2025, despite recommending that Plaintiff receive partial dentures four months after his tooth was extracted.

Plaintiff alleges Defendant Warden Baker was deliberately indifferent to his serious dental needs by transferring him to Lawrence before his dental needs had been addressed. Plaintiff alleges he was transferred to Lawrence on November 1, 2023, and that Defendant Warden Baker concurred with the denial of his grievance on December 8, 2023. Plaintiff does not allege, nor can any inference be made, that Defendant Baker knew about Plaintiff's dental needs when he was transferred on November 1, 2023. Furthermore, Defendant Warden Baker cannot be held liable based solely on his involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *Diaz v. McBride*, No. 3:93-CV-176RM, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983 merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). "If there is 'no personal involvement by the warden outside the grievance process,' that is insufficient to

state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)).

Plaintiff alleges Defendant Warden Brown was deliberately indifferent to his serious dental needs by allowing his subordinates to delay dental treatment at Lawrence. There is no *respondeat superior* under § 1983. In other words, Defendant Brown cannot be liable based only on his supervisory position. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). Plaintiff also seeks injunctive relief in the form of an order requiring Defendant Brown to reduce his security classification and to transfer him to a different facility. This request is unrelated to his Eighth Amendment claims. Plaintiff fails to state a claim against Defendants Baker and Brown.

In its prior Merit Review Order, the Court named Wardens Baker and Brown, in their official capacities, to assist Plaintiff with identifying Correctional Officer John Doe and Dentist John/Jane Doe. (Doc. 6 at pp. 7-8). Additionally, Warden Brown remained a Defendant based on Plaintiff's claim for injunctive relief in the form of partial dentures. In his Second Amended Complaint, Plaintiff identified Correctional Officer Spencer and Dr. Tran as the Doe Defendants and alleged he received partial dentures on June 3, 2025. As such, Plaintiff's request for injunctive relief is moot. Defendants Baker and Brown, in their individual and official capacities, are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment deliberate indifference claim against (1) Defendant Alexander Spencer for allegedly denying Plaintiff's request for emergency dental treatment after Plaintiff broke his tooth on October 3, 2023, and (2) Defendant Dr. Quang Tran for allegedly allowing Plaintiff to suffer severe pain between December 15, 2023 and April 29, 2024, delaying the extraction of Plaintiff's broken tooth until April 29, 2024, and delaying Plaintiff's partial dentures until June 3, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Plaintiff has identified Defendant John Doe (Correctional Officer) as Alexander Spencer (Correctional Officer at Hill Correctional Center) and Defendant John/Jane Doe (Dentist) as Dr. Quang Tran (Dentist at Lawrence Correctional Center). The Clerk is directed to ADD Alexander Spencer and Dr. Quang Tran as Defendants and to TERMINATE Defendants John Doe (Correctional Officer) and John/Jane Doe (Dentist).

3) Defendants Tyrone Baker and Jeremiah Brown, in their official and individual capacities, are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Tyrone Baker and Jeremiah Brown.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive

electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

14) The Court's Scheduling Order (Doc. 16) entered on May 22, 2025, and the dispositive motions deadline of December 23, 2025, are VACATED. The Court will enter an Amended Scheduling Order after Defendants Spencer and Dr. Tran answer Plaintiff's Second Amended Complaint.

*It is so ordered.*

Entered: December 3, 2025

s/Jonathan E. Hawley
U.S. District Judge